PER CURIAM:
Claimants brought this action for vehicle damage which occurred when *160 claimants’ daughter, Brandi Stewart, was driving claimants’ 2002 Mitsubishi Eclipse, and their vehicle struck a hole on U.S. Route 19, south of Sutton, in Braxton County. U.S. Route 19 is a road maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more folly stated below.
The incident giving rise to this claim occurred at approximately 3:00 p.m. on July 3, 2007. U.S. Route 19 is a paved, two-lane road with a speed limit of fifty-five miles per hour. At the time of the incident, claimants’ daughter was driving from the Flatwoods Outlet Mall to her home. She was proceeding around a curve on U.S. Route 19 at approximately thirty-five or forty-five miles per hour when she noticed four vehicles traveling in the opposite lane of traffic. One of the vehicles was a logging truck which was occupying her lane of traffic by approximately one foot and a half or two feet. As she drove closer to the road’s white edge line to avoid the truck, her vehicle struck a hole that was approximately four and a half or five inches wide and five inches deep. Although claimant drives this road on a daily basis and was aware of the hole, she was unable to avoid it due to the oncoming truck. As a result of this incident, her vehicle sustained damage to its passenger side rims in the amount of $385.20. Claimant’s insurance deductible at the time of the incident was $500.00.
The position of the respondent is that it did not have actual or constructive notice of the condition on U.S. Route 19. Respondent did not present a witness at the hearing.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman v. Dep’t of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had, at the least, constructive notice of the hole which claimants’ vehicle struck and that it presented a hazard to the traveling public. The size of the hole and the time of year in which this incident occurred lead the Court to conclude that respondent had notice of this hazardous condition. Thus, there is sufficient evidence of negligence to base an award. Notwithstanding the negligence of the respondent, the Court is also of the opinion that the claimant’s daughter was negligent since she was aware of the condition of the road. Thus, the Court will reduce claimants’ award by fifteen percent (15%), and claimants may recover eighty-five percent (85%) of the loss sustained.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to the claimants in the amount of $327.42.
Award of $327.42.